IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ROBERT ENGLISH, ALEX RIVERA and
DANIEL JOYCE, Each Individually and**     **PLAINTIFFS**
**on Behalf of Others Similarly Situated**

vs.            No. __

**ALSCO, INC., d/b/a
AMERICAN LINEN SUPPLY COMPANY**     **DEFENDANT**

## ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT

COME NOW Plaintiffs Robert English, Alex Rivera and Daniel Joyce, each individually and on behalf of all others similarly situated, by and through their attorneys Jason Brown of JTB Law Group, LLC, and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Collective & Class Action Complaint against Defendant ALSCO, Inc., d/b/a American Linen Supply Company ("Defendant"), they do hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1. This is a collective/class action brought on behalf of Plaintiffs, former employees of Defendant, and similarly situated persons who are or were employed by Defendant, during the timeframes permissible under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and applicable administrative rules and regulations.

2. Defendant failed to pay Plaintiffs overtime pay for all hours worked in excess of forty (40) each week, in violation of 29 U.S.C. § 207(a) and 820 ILCS 105/4a.

3. By reason of Defendant's persistent and willful violations of the FLSA and the IMWL, Plaintiffs were illegally underpaid for their work.

4. Plaintiffs bring this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees, as a result of Defendant's willful violation of the FLSA and IMWL.

5. Plaintiffs also assert FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendant who were and are also affected by Defendant's policy of failing to pay their employees overtime pay for hours worked in excess of forty (40) each week.

6. Plaintiffs also assert IMWL claims pursuant to Fed. R. Civ. P. 23 on behalf of other similarly situated employees of Defendant who were and are also affected by Defendant's policy of not paying their employees overtime pay for hours worked in excess of forty (40) each week.

7. For at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed systematic and widespread violations of the above-described federal and state statutes and regulations, in the manner described herein.

## II.
## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

9. As to the claims under the IMWL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## III.
## THE PARTIES

### *Plaintiffs*

11. At all relevant times, Plaintiff Robert English was, and currently is, a resident of Cook County, Illinois.

12. Plaintiff Robert English was employed by Defendant from about 2001-2002 until January of 2014.

13. At all relevant times, Plaintiff Alex Rivera was, and currently is, a resident of Union County, New Jersey.

14. Plaintiff Alex Rivera was employed by Defendant from about May of 2014 until August of 2015.

15. At all relevant times, Plaintiff Daniel Joyce was, and currently is, a resident of Pulaski County, Arkansas.

16. Plaintiff Daniel Joyce was employed by Defendant from about February 8, 2012, until April 11, 2016.

17. Plaintiffs consent to being parties pursuant to 29 U.S.C. § 216(b), and bring these claims based on the allegations herein as representative parties of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendant*

18. Defendant ALSCO, Inc., d/b/a American Linen Supply Company ("ALSCO"), is an out-of-state corporation, organized under the laws of the State of Nevada, with headquarters located in Salt Lake City, Utah.

19. ALSCO can be served through its registered agent for service of process CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, 60604.

20. At all relevant times, ALSCO had annual gross revenues of more than $500,000.00.

21. At all relevant times, ALSCO had employees who handle, sell, or work on goods or materials, such as food and beverage products, that have moved in or been produced for commerce.

22. At all relevant times, ALSCO was/is an employer of Plaintiffs and putative class members as that term is defined under the FLSA and IMWL, and is engaged in interstate commerce as that phrase is defined under the FLSA.

## IV.
## FACTUAL ALLEGATIONS

23. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

24. ALSCO is in a business of providing rental, leasing and laundry services for linens and uniforms. ALSCO also provides washroom and hygiene products.

25. Upon information and belief, Defendant has branches and operates in Alaska, Arizona, Arkansas, California, Colorado, District of Columbia,

Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Louisiana, Missouri, Montana, Nevada, New Mexico, New York, North Carolina, Oregon, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin and Wyoming.[1]

26. At all relevant times, Defendant employed Plaintiffs and all similarly situated individuals, and was their employer within the meaning of the FLSA and the IMWL.

27. During the time of Plaintiffs' employment, Defendant:

a. determined Plaintiffs' work schedule;
b. determined Plaintiffs' compensation;
c. supervised Plaintiffs; and
d. maintained records pertaining to Plaintiffs' employment.

28. At all relevant times, each Plaintiff and other similarly situated individuals were employed by ALSCO as a Service Center Manager / District Manager.

29. At all relevant times, each Plaintiff and other similarly situated individuals were paid a salary and bonuses that were based on their performance.

30. At all relevant times, each Plaintiff and other similarly situated individuals were assigned to a specific geographical area and were required to make sure that all restaurants and other facilities in the area were serviced by them and other route drivers by picking up dirty napkins, other linens and uniforms, and by delivering clean linens to ALSCO customers.

---

[1] https://alsco.com/contact/ (last visited on April 22, 2016).

31. Plaintiffs' job was very physical, and they spent their workdays driving and performing manual labor.

32. Plaintiffs, along with other employees of ALSCO, loaded vans with clean linens, drove routes, picked up dirty linens, and replaced them with clean linens.

33. Plaintiffs run shortages, meaning they visited ALSCO's customers and delivered linens to them, or conducted customers' surveys by visiting customers and asking them questions about the service.

34. Plaintiffs' job was to make sure that all of the ALSCO's customers, which consisted of many local restaurants and businesses, had clean linens.

35. Plaintiffs did not have any special education, and they learned how to do the job by having been a route driver and by watching other employees to perform their jobs and by the steady attention and training they received from their supervisor.

36. On average, each Plaintiff and class member worked over forty (40) hours per workweek and was not paid any overtime pay.

37. Plaintiffs did not have the authority to hire or fire other employees, nor to recommend employees for hiring or firing.

38. Plaintiffs never did any formal or informal evaluations of any other employees.

39. Plaintiffs never recommended any other employee for promotion or demotion.

40. Plaintiffs had no authority to bind ALSCO. Plaintiffs did not order any supplies, they merely tracked linens as they were being used, and reported this information to ALSCO.

41. Plaintiffs' daily job was micromanaged by ALSCO's Senior Manager.

42. Plaintiffs did not have authority to make decisions on behalf of ALSCO.

43. Plaintiffs talked to their supervisor on a daily basis and received specific instructions on their job duties.

44. Defendant's pay policies were centrally handled through Defendant's headquarters.

45. Defendant has one corporate office and payroll department that handled payroll for all employees.

46. Defendant failed to pay Plaintiffs overtime pay for the overtime hours worked in excess of forty (40) each week, as required under the FLSA and the IMWL.

47. Defendant failed to post an approved summary of the IMWL in a conspicuous and accessible place in or about their business premises, in violation of 820 ILCS 105/9.

48. Defendant knew or should have known of its obligation, under both the FLSA and the IMWL, to pay Plaintiffs overtime pay for hours worked in excess of forty (40) each week.

49. Defendant's wrongful acts and omissions, as alleged herein, were not made in good faith, or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Illinois Department of Labor, or any administrative practice or enforcement policy of either such department.

50. Defendant's above-described violations of the FLSA and the IMWL were willful, arbitrary, unreasonable and in bad faith.

**V.**

**COLLECTIVE AND CLASS ALLEGATIONS**

51. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

52. At all relevant times, Defendant had a common policy of requiring or allowing Plaintiffs and their other employees to work over forty (40) hours per week.

53. As a result of this policy, Plaintiffs and Defendant's other employees regularly worked or work over forty (40) hours per week.

54. Plaintiffs and these other employees were not and are not paid the overtime pay to which they were and are entitled for all hours worked in excess of forty (40) hours per week.

55. At all relevant times, Plaintiffs and other employees of Defendant are and have been similarly situated, in that they are and have been victims of Defendant's common policies of refusing to pay overtime pay for all hours worked in excess of forty (40).

56. Plaintiffs bring their FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all employees of Defendant who were not paid overtime pay for all hours worked in excess of forty (40) each week.

57. The proposed FLSA Collective is defined as:

> All ALSCO's Service Center Managers / District Managers at any time from three (3) years prior to the filing of this Complaint to the present.

58. Plaintiffs bring their IMWL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the IMWL, on behalf of themselves and all other employees of Defendant who were not paid overtime pay for all hours worked in excess of forty (40) each week.

59. The proposed Rule 23 Class is defined as:

> All ALSCO's Service Center Managers / District Managers in the State of Illinois at any time from three (3) years prior to the filing of this Complaint to the present.

60. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiffs believes that at least one hundred fifty (150) class members have worked for Defendant during the applicable statutory period without receiving appropriate compensation.

62. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, namely whether Defendant is liable for failure to pay Plaintiffs and other members of the putative class overtime pay for all hours worked each week in excess of forty (40).

63. This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiffs were damaged by Defendant's common policy of failing to pay overtime compensation.

64. Plaintiffs have no interests antagonistic to the interests of the other members of the class.

65. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are an adequate representative and will fairly and adequately protect the interests of the class.

66. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

> a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue significant savings to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

> b. Despite the size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims

        on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

        c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

67. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

68. Plaintiffs anticipate that there will be no difficulty in the management of this litigation.

69. This litigation presents FLSA and IMWL claims of a type that have often been prosecuted on a classwide basis, and the class can easily be identified, and any monetary relief provided to them, through a review of Defendant's records.

## VI.
## FIRST CLAIM FOR RELIEF
## (FLSA INDIVIDUAL VIOLATION)

70. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

71. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

72. At all relevant times, Plaintiffs were non-exempt employees within the meaning of the FLSA.

73. Plaintiffs regularly worked over forty (40) hours per week.

74. Defendant failed to pay Plaintiffs overtime pay for all hours worked each week in excess of forty (40).

75. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

76. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

77. As a result of the foregoing, Plaintiffs were illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## VII.
## SECOND CLAIM FOR RELIEF
## (IMWL INDIVIDUAL VIOLATION)

78. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein,

79. At all relevant times, Defendant employed Plaintiffs within the meaning of the IMWL.

80. At all relevant times, Plaintiffs were employees of Defendant within the meaning of the IMWL.

81. Plaintiffs regularly worked over forty (40) hours per week.

82. Defendant failed to pay Plaintiffs overtime pay for all hours worked each week in excess of forty (40).

83. Defendant's conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

84. A three (3) year statute of limitation applies to each such violation pursuant to IMWL 820 ILCS 105/12.

85. As a result of the foregoing, Plaintiff was illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, reasonable attorney's fees and costs, and damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to IMWL 820 ILCS 105/12.

## VIII.
## THIRD CLAIM FOR RELIEF
## (FLSA COLLECTIVE VIOLATION)

86. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

87. At all relevant times, Defendant employed Plaintiffs and members of the putative collective within the meaning of the FLSA.

88. Plaintiffs and members of the putative collective are non-exempt employees within the meaning of the FLSA.

89. Defendant regularly required or allowed Plaintiffs and the members of the putative collective to work more than forty (40) hours in a week.

90. As a result, Plaintiffs and the members of the putative collective regularly worked more than forty (40) hours in a week.

91. Defendant failed to pay Plaintiffs and the members of the putative class overtime pay for all hours worked each week in excess of forty (40).

92. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

93. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

94. As a result of the foregoing, Plaintiffs and members of the putative collective were illegally deprived of compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## IX.
## FOURTH CLAIM FOR RELIEF
## (IMWL CLASS VIOLATION)

95. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint, as if fully set forth herein.

96. At all relevant times, Defendant employed Plaintiffs and members of the putative class within the meaning of the IMWL.

97. Defendant regularly required or allowed Plaintiffs and the members of the putative class to work more than forty (40) hours in a week.

98. As a result, Plaintiffs and the members of the putative class regularly worked more than forty (40) hours in a week.

99. Defendant failed to pay Plaintiffs and the members of the putative class overtime pay for all hours worked each week in excess of forty (40).

100. Defendant's conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

101. A three (3) year statute of limitation applies to each such violation pursuant to IMWL 820 ILCS 105/12.

102. As a result of the foregoing, Plaintiffs and the members of the putative class were illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, reasonable attorney's fees and costs, and damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to IMWL 820 ILCS 105/12.

## X.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully request that this Court grant the following relief:

(A) That Defendant be summoned to appear and answer herein;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.;*

(C) A declaratory judgment that Defendant's wage practices alleged herein violate the IMWL;

(D) An order for injunctive relief ordering Defendant to end all of the illegal wage practices alleged herein pursuant to FLSA, Illinois statutes, and related laws and regulations.

(E) An order directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Plaintiffs and all members of the putative FLSA Collective and the putative Rule 23 Class.

(F) An order directing Defendant to supply to Plaintiffs' counsel the names and last known home addresses of all members of the proposed FLSA Collective and the proposed Rule 23 Class, so that Plaintiffs may send to them notice of this collective action and class action.

(G) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(H) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.,* in an amount equal to all unpaid overtime compensation owed to Plaintiffs and all members of the proposed FLSA Collective during the applicable statutory period.

(I) Judgment for damages for all unpaid overtime under the IMWL and related regulations.

(J) Judgment for damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to the IMWL and related regulations.

(K)     Judgment for any and all civil penalties to which Plaintiffs and all members of the proposed FLSA Collective and the proposed Rule 23 Class may be entitled.

(L)     An Incentive Award for Plaintiffs.

(M)     Leave to add additional Plaintiffs by motion, the filing of written consents, or any other method approved by the Court.

(N)     Equitable tolling effective to the date of the filing.

(O)     An order directing Defendant to pay Plaintiffs and all members of the proposed FLSA Collective and the proposed Rule 23 Class prejudgment interest, reasonable attorney's fees and all costs connected with his action.

(P)     Such other and further relief as to this Court may deem necessary, just and proper.

Respectfully submitted,

**ROBERT ENGLISH, ALEX RIVERA, and DANIEL JOYCE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

By:     /s/ *Jason T. Brown*
JTB LAW GROUP, LLC
Jason T. Brown
IL Bar No.: 6318697
jtb@jtblawgroup.corn
500 N. Michigan Ave., Suite 600
Chicago, IL 60611
TELEPHONE: (877) 561-0000
FACSIMILE: (855) 582-5297

and

Josh Sanford

Ark. Bar No. 2001037
josh@sanfordlawfirm.com
Maryna Jackson
Ark. Bar No. 2009111
maryna@sanfordlawfirm.com
*Seeking Pro Hac Vice Admission*
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040